08-4003-ag, 08-4456-ag, 08-4689-ag; 08-4849-ag (tandem)
International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers,
AFL-CIO v. National Labor Relations Board

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of May, two thousand ten.

PRESENT:  ROGER J. MINER,
                    JOHN M. WALKER JR.,
                    GERARD E. LYNCH,
                                        *Circuit Judges.*

------------------------------------------------------------------------

INTERNATIONAL BROTHERHOOD OF
BOILERMAKERS, IRON SHIP BUILDERS,
BLACKSMITHS, FORGERS & HELPERS, AFL-CIO
                    *Petitioner*,

                    v.

NATIONAL LABOR RELATIONS BOARD,                    08-4003-ag
                    *Respondent*

                    and

MCBURNEY CORPORATION,
                    *Intervenor.*
------------------------------------------------------------------------
MCBURNEY CORPORATION
                    *Petitioner/Cross-Respondent*,

                    v.

NATIONAL LABOR RELATIONS BOARD,                    08-4456-ag
                    *Respondent/Cross-Petitioner,*          08-4689-ag

                    and

INTERNATIONAL BROTHERHOOD OF
BOILERMAKERS, IRON SHIP BUILDERS,
BLACKSMITHS, FORGERS & HELPERS, AFL-CIO,
                                    *Intervenor.*

------------------------------------------------------------------------

*consolidated for disposition with*

------------------------------------------------------------------------

INTERNATIONAL BROTHERHOOD OF
BOILERMAKERS, IRON SHIP BUILDERS,
BLACKSMITHS, FORGERS & HELPERS, AFL-CIO
                                    *Petitioner*,

                    v.

NATIONAL LABOR RELATIONS BOARD,                    08-4849-ag
                                    *Respondent*

                    and

BROWN & ROOT POWER MANUFACTURING,
                                    *Intervenor.*

------------------------------------------------------------------------

MICHAEL J. STAPP, (Angela M. Atkinson, *on the brief*), Blake & Uhlig, P.A., Kansas City, Kansas, *for Petitioner/Intervenor International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers, AFL-CIO*

JEFFREY A. SCHWARTZ, ESQ., (Dion Y. Kohler, Esq., *on the brief*), Jackson Lewis LLP, Atlanta, Georgia, *for Petitioner/Cross-Respondent/Intervenor McBurney Corporation*

HOWARD S. LINZY, (Thomas J. Woodford, *on the brief*), The Kullman Firm, PLC, New Orleans, Louisiana, *for Intervenor Brown & Root Power Manufacturing, Inc.*

DANIEL BLITZ and AMY GINN, (Jill A. Griffin, Ronald Meisburg, John E. Higgins, Jr., John H. Ferguson and Linda Dreeben, *on the brief*) *for Respondent/Cross Petitioner National Labor Relations Board*

Petitions to review, and cross-petition to enforce, September 29, 2007 order, and

petition to review September 28, 2007 order, of the National Labor Relations Board.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the petitions for review are DENIED in part and DISMISSED in

part, and NLRB's cross-petition for enforcement is GRANTED.

2

Petitioner International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers, AFL-CIO (the "Union") seeks review of the September 28, 2007 and September 29, 2007 decisions and orders of respondent the National Labor Relations Board (the "NLRB" or the "Board") which found principally that intervenors Brown & Root Manufacturing, Inc. and McBurney Corporation ("McBurney") had refused to hire job applicants on account of their union affiliation in violation of §§ 8(a)(1) and (3) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 158(a)(1), (3), insofar as these order amended the remedial orders of the ALJs and made certain directions with respect to the conduct of the compliance portions of the proceedings. *See Brown & Root Mfg., Inc.,* 351 N.L.R.B. 168 (2007); *McBurney Corp.,* 351 N.L.R.B. 799 (2007). McBurney also petitions for review of one of the Board's findings against it, and the Board seeks enforcement of its order against McBurney. These appeals were heard in tandem, and we now consolidate them for disposition.

In its petitions, the Union attacks the evidentiary rule announced by the NLRB in *Oil Capitol Sheet Metal, Inc.*, 349 N.L.R.B. 1348 (2007), asking this Court to invalidate the rule or, in the alternative, to enjoin the Board from applying the rule in these actions, which commenced before the rule came into effect. In *Oil Capitol*, the NLRB changed its procedure for determining in compliance proceedings the backpay liability of companies found to have discriminatorily failed to hire union applicants. Whereas previously the Board applied a presumption that backpay should be paid to all wrongfully unhired applicants for the period running from the date of discrimination until they received a valid offer of employment, the Board in *Oil Capitol* determined that such a presumption

3

was not warranted in the case of "salts" – union members (sometimes paid by the union) who apply for jobs with non-union employers as part of a strategy to organize the employer's workforce. The Board ruled that in future compliance proceedings, the General Counsel "as part of his existing burden of proving a reasonable gross backpay amount due, [would have] to present affirmative evidence that the salt[], if hired, would have worked for the employer for the backpay period claimed." *Id.* at 1349.

We do not reach the merits of the Union's arguments either that the Board's enactment of the *Oil Capitol* rule was an impermissible interpretation of the NLRA or that the application of the rule in these actions would be "manifestly unjust." *See Ewing v. NLRB*, 861 F.2d 353, 362 (2d Cir. 1988). As the United States Court of Appeals for the District of Columbia has recently recognized in the direct appeal of the *Oil Capitol* decision, challenges to the *Oil Capitol* rule before its application are unripe. *See Sheet Metal Workers Int'l Ass'n, Local 270, AFL-CIO v. NLRB*, 561 F.3d 497 (D.C. Cir. 2009).

To determine whether a challenge to an administrative action is ripe for judicial review, we evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. *N.Y. Civil Liberties Union v. Grandeau*, 528 F.3d 122, 131-32 (2d Cir. 2008). In this case, both of these factors weigh against finding the Board's announced intention to apply the *Oil Capitol* rule in these cases ripe for review. First, whether the *Oil Capitol* rule is a permissible interpretation of the NLRA by the Board, and even more so whether the application of the rule in these cases would be manifestly unjust, are not yet suitable for adjudication. There have been no

4

compliance proceedings in either action, and, as the D.C. Circuit noted, "we do not know whether the new rule will have any impact on the ultimate remedy." *Sheet Metal Workers*, 561 F.3d at 501. Furthermore, since we do not know what sort of evidence the Board will seek concerning the unhired workers or how its inquiries will differ from those conducted under the pre-*Oil Capitol* regime, we cannot determine whether the application of the rule in these cases will be manifestly unjust. Nor do we see undue hardship to the parties in withholding consideration at this juncture. The Union will still be able to challenge the *Oil Capitol* rule after the compliance proceedings have taken place. *See NLRB v. Katz's Delicatessen of Houston Street, Inc.*, 80 F.3d 755, 771 (2d Cir. 1996) (finding that a party can challenge the Board's remedial order after the compliance proceeding). Accordingly, the Union's petitions will be dismissed, without prejudice to any petition that may be filed after compliance proceedings are completed.

In its petition, McBurney challenges the Board's finding that it violated §§ 8(a)(3) and 8(a)(1) of the NLRA by failing and refusing to hire thirty-eight union-affiliated applicants at four jobsites. McBurney does not challenge the Board's findings that it violated § 8(a)(1) by surveilling the union organizing activities of its employees and §§ 8(a)(3) and 8(a)(1) by changing the work assignment of an employee in retaliation for his union organizing activities. The Board has cross-petitioned for enforcement of its order.

As a finding of fact, the Board's determination that McBurney failed to hire the job applicants on account of anti-union animus is conclusive, so long as it is "supported

5

by substantial evidence on the record considered as a whole." 29 U.S.C. § 160(e). We will reverse a factual finding "only ... if, after looking at the record as a whole, we are left with the impression that no rational trier of fact could reach the conclusion drawn by the Board." *Katz's Delicatessen,* 80 F.3d at 763 (internal quotation marks omitted).

McBurney contends that it employed a neutral hiring policy and that, since the Board did not question the validity of the policy and did not have evidence that the unhired union applicants were more qualified than the hired non-union applicants under the policy, the Board's conclusion that anti-union animus contributed to the company's failure to hire the union applicants is not supported by substantial evidence.

This argument is without merit. Under the applicable legal standard, as set out in *FES, a Division of Thermo Power*, 331 N.L.R.B. 9, 12 (2000), the Board was not required to show that the unhired union applicants were more qualified than the hired non-union applicants in order to conclude that anti-union animus contributed to the employer's decision. McBurney's reliance on its neutral hiring policy was a defense, and was severely undercut by the facts that McBurney disregarded the policy on numerous occasions and that most of the unhired union applicants rated equally or higher in McBurney's purported preference system than the non-union applicants who were hired. Substantial additional evidence supports the Board's conclusion, including the fact that McBurney's management "frequently misrepresented and misled union applicants about [its] hiring plans and repeatedly lied to the applicants about [its] intentions to hire," *McBurney*, 351 N.L.R.B. at 814, a finding that McBurney does not dispute. Examining

the record as a whole, including the Board's uncontested findings that McBurney was guilty of other anti-union unfair labor practices by surveilling its employees' organizing activities and retaliating against one of its employees for his organizing efforts, we cannot conclude that "no rational trier of fact could reach the conclusion drawn by the Board."

For the reasons stated above, the Union's petitions for review are DISMISSED, without prejudice to the Union renewing its arguments concerning *Oil Capitol* after the compliance proceedings have been conducted.  McBurney's petition for review is DENIED and the NLRB's cross-petition for enforcement of its order finding McBurney guilty of unfair labor practices is GRANTED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court